UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEVIN GOLDSTON**                                                                                   **CIVIL ACTION**

**VERSUS**                                                                                                    **NO. 14-1836**

**LARRY WEARY, ET AL.**                                                                          **SECTION "G"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Kevin Goldston, a state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983.  He sued Larry Weary, Frank Cleland, Tim Crawford, Robert Tanner, and James Leblanc.  In this lawsuit, plaintiff claims that his name was forged on a diet roster and that, when he complained, his complaint went unremedied.

### I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

In the complaint, plaintiff alleges:

> 9. While approaching the Prison's "diet line" on 17 March 2014, MS Weary who works on A-team asked the plaintiff's name, at which time he replied: I'm Kevin Goldston and should be at the top of page No. 2.
>
> 10. After the Plaintiff produced his identification Card, the said Sergeant then proceeded to use his black ink pen and forged the plaintiff's initials next to his name and prison No. on the diet roster in lieu of allowing him to do so with the pencil that was available.
>
> 11. On or about 21 March 2014, the plaintiff initiated a request for Administrative remedy based upon the acts of official Misconduct and Corrupt Practices from MS Weary.

Frank Cleland and Tim Crawford thereafter spoke to plaintiff about his administrative grievance, and defendant Warden Robert Tanner then denied that grievance, stating:

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> SM Weary states that on March 17, 2014, after he identified every offender coming through the diet line, he wrote their initials by their names to ensure that every offender coming to the diet line was in fact the offender on the diet list. There was no forgery, criminal intent or malfeasance committed as you claim.

Not satisfied with that response, plaintiff appealed the denial of his grievance. James Leblanc, the Secretary of the Louisiana Department of Public Safety and Corrections, then denied that appeal, stating:

> Your allegations have been considered. According to a statement from Officer Weary, he did in fact write your initials next to your name as he did every offender in the diet line to ensure every offender was accounted for. According to an investigation conducted by Captain Cleland, your ARP appears to be a retaliatory act in an effort to be transferred to DCI. The first step response prepared by the RCC staff is deemed adequate and appropriate. As such, this office concurs with staff and finds no further investigation warranted.

Still not satisfied, plaintiff then filed this federal lawsuit against Weary, Cleland, Crawford, Tanner, and Leblanc. As relief, he seeks monetary damages.[2]

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of

---

[2] Plaintiff also requests that the defendants be arrested. However, it clear that plaintiff has no constitutional right to have another person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

4

>state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).  That second element is clearly lacking with respect to plaintiff's claims.

Plaintiff's claim against Weary is that he placed plaintiff's initials next to his name on the diet roster.  That action, however, did not violate any of plaintiff's federally protected rights.  He had no right to personally sign or initial the roster and he suffered no compensable harm from Weary performing his duties in this manner.  Although plaintiff alleges that Weary's action violated "Plaintiff's Fourth Amendment right against unreasonable seizure," that allegation is patently frivolous in that no "seizure" occurred.  Further, while plaintiff alleges that Weary's actions violated federal criminal statutes, this Court need not consider that contention because the criminal statutes do not provide a basis for private causes of action under § 1983.  See Clements v. Chapman, 189 Fed. App'x 688, 692 (10th Cir. 2006); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Jihad v. Fabian, 680 F. Supp. 2d 1021, 1043-44 (D. Minn. 2010); Ippolito v. Meisel, 958 F. Supp. 155, 167 (S.D.N.Y. 1997); Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).

Plaintiff is seeking to hold the remaining defendants liable based on their failure to discipline Weary as a result of plaintiff's grievance.  However, the claims against those defendants are also clearly frivolous, because an inmate has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction. Bonneville v. Basse, 536 Fed. App'x 502, 503 (5th Cir. 2013);  Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *5 (E.D. La. Mar. 8, 2010);

5

Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); Tyson v. Tanner, Civ. Action No. 08-4599, 2009 WL 2883056, at *5 (E.D. La. Aug. 25, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this nineteenth day of August, 2014.

                                         **DANIEL E. KNOWLES, III**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.