UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KEVIN GOLDSTON**                                                                   **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 14-1836**

**LARRY WEARY, ET AL.**                                                    **SECTION "G" (3)**

**ORDER AND REASONS**

  Before the Court are Plaintiff Kevin Goldston's ("Plaintiff") objections[1] to the August 20, 2014, Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff, a state prisoner sentenced to the custody of the Louisiana Department of Public Safety and Corrections and confined to the B.B. "Sixty" Rayburn Correction Center ("RCC") filed a complaint pursuant to 42 U.S.C. § 1983 against Master Sergeant Larry Weary, Supervising Captain Frank Cleland, Supervising Major Tim Crawford, Warden Robert Tanner and Secretary James M. LeBlanc of the Louisiana Department of Public Safety and Corrections.[3] Plaintiff claims that Larry Weary, a Master Sergeant at Rayburn Correctional Center, violated his civil rights by forging Plaintiff's name on a diet roster.[4] The Magistrate Judge recommends that the Court dismiss Plaintiff's complaint with prejudice.[5] Plaintiff objects to the Magistrate Judge's Report and Recommendation and reasserts, among other objections, that forgery is prohibited under state and federal law.[6] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objection,

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 4.

[3] Rec. Doc. 1.

[4] *Id.*

[5] Rec. Doc. 4.

[6] Rec. Doc. 5.

the record, and the applicable law, for the following reasons, the court will overrule Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation, and dismiss this action with prejudice

## I. Background

### A. Factual Background [7]

Plaintiff filed the instant complaint on August 12, 2014.[8] In his complaint, Plaintiff alleges that on March 17, 2014, while approaching the diet line, Defendant Weary asked for his name.[9] Plaintiff replied: "I'm Kevin Goldston and should be at the top of page. No 2."[10] After Plaintiff produced his identification card, Defendant Weary then used his black ink pen to write Plaintiff's initials next to his name and prison number on the diet roster.[11] Defendant Weary did not allow the Plaintiff to write his initials with an available pencil.[12] On or about March 21, 2014, Plaintiff initiated a request for an administrative remedy alleging official misconduct and corrupt practice from Defendant Weary.[13]

On March 31, 2014, Defendants Cleland and Crawford spoke with Plaintiff about his administrative remedy request.[14] Defendants Cleland and Crawford acknowledged that Defendant

---

[7] The following background derives from Plaintiff's complaint and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[8] Rec. Doc. 1.

[9] *Id.* at 5.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

Weary admitted to writing every offenders's, including the Plaintiff's, initials on the diet roster.[15]

On April 21, 2014, Plaintiff's administrative remedy request was denied.[16] Warden Tanner found that Defendant Weary did not commit forgery, criminal intent, or malfeasance as the Plaintiff alleged.[17] Plaintiff sought administrative review, which was denied by Secretary LeBlanc, on May 23, 2014.[18] Plaintiff then filed the instant federal lawsuit against Weary, Cleland, Crawford, Tanner, and LeBlanc pursuant to 42 U.S.C. § 1983.[19]

## B. Report and Recommendation Findings

On August 19, 2014, the Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice as frivolous and/or for failure to state a claim on which relief may be granted.[20] The Magistrate Judge found Plaintiff's complaint to be frivolous because Defendant Weary's conduct did not deprive Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.[21] The Magistrate Judge reasoned that Plaintiff had no federally protected right to personally sign or initial the diet roster.[22] Thus, Plaintiff did not suffer compensable harm when Defendant Weary initialed for Plaintiff.[23]

---

[15] *Id.*

[16] *Id.* at 6, 9.

[17] *Id.* at 9.

[18] *Id.* at 10.

[19] *Id.*

[20] Rec. Doc. 4.

[21] *Id.* at 5.

[22] *Id.*

[23] *Id.*

The Magistrate Judge also found Plaintiff's Fourth Amendment claim frivolous because no seizure occurred.[24] Plaintiff further alleged that Defendant's Weary's action violated federal criminal statutes. The Magistrate Judge did not consider this contention, finding that criminal statutes do not provide a basis for private causes of action under 42 U.S.C. § 1983.[25] Finally, the Magistrate Judge found Plaintiff's claim that the remaining Defendants failed to discipline Defendant Weary clearly frivolous because "an inmate has no constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction."[26]

## II. Plaintiff's Objections

On August 29, 2015, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.[27] Plaintiff argues that forgery satisfies the second element under his 42 U.S.C. § 1983 claim because forgery is prohibited under state and federal law.[28] Plaintiff also asserts that a seizure occurred because Defendant Weary took possession of Plaintiff's identification card and acted as though having power of attorney.[29] Contesting the Magistrate Judge's finding that criminal statutes do not provide a basis for private action under 1983, Plaintiff further argues that under 28

---

[24] *Id.*

[25] *Id.* (citing *Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

[26] *Id.* (citing *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)).

[27] Rec. Doc. 5.

[28] *Id.* at 1.

[29] *Id.* at 2.

4

U.S.C. § 1331 the Court has broad discretion to fashion remedies for civil rights violations.[30]

### III. Standard of Review

*A. Review of the Magistrate Judge's Report and Recommendation*

When designed by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the District Court Judge in accordance with the Magistrate Judge's findings of fact and determination of law.[31] A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[32] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to." However, a District Court's review is limited to plain error of parts of the report which are not property objected to.[33]

*B. Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's complaint.[34] A complaint is frivolous if it lacks an arguable basis in law or fact.[35] A claim has no arguable basis in law if "it is based on an indisputable meritless legal theory."[36] It lacks a basis in fact if "the fact alleged are clearly baseless. Furthermore, a complaint fails to state a claim for which

---

[30] *Id.* at 3.

[31] 28 U.S.C. § 636(b)(1)(B).

[32] Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636 (b)(1).

[33] *See Douglas v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[34] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

[35] *Id.*

[36] *Id.*

relief may be granted when the Plaintiff does not "plead enough facts to state a claim that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on assumption that all the allegations in the complaint are true (even if doubtful in fact)."[37] If a court finds that a prisoners's claims are frivolous, the court must dismiss the claim *sua sponte*.[38]

### IV. Law and Analysis

Plaintiff objects to the Magistrate Judge's finding that his civil rights claims are without merit and frivolous. Plaintiff has three main arguments. First, Plaintiff claims that Defendant Weary committed forgery by signing Plaintiff's initials on the diet roster.[39] Second, Plaintiff claims that Defendant Weary violated his Fourth Amendment right against an unreasonable seizure by possessing Plaintiff's identification card.[40] Third, Plaintiff claims that Defendant Weary violated a criminal statute by committing forgery.[41]

Plaintiff filed the instant suit pursuant to 42 U.S.C. § 1983. This statute provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, religion, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[37] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

[38] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[39] Rec. Doc. 5 at 1.

[40] *Id.* at 2.

[41] *Id.* at 3.

6

There are two main elements of any action under 42 U.S.C. § 1983. First, the conduct must have been committed by a person acting under color of state law.[42] Second, the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.[43] The first element is established here as Defendants are all state employees, in various positions, with the state's correction department. However, on the second element, Plaintiff's claims fail.

Plaintiff asserts that forgery satisfies the second element because it is prohibited by state and federal law.[44] Plaintiff did not have a federally protected right to personally initial the diet roster. Further, placing Plaintiff's initials on the diet roster was a matter of protocol. Defendant Weary stated that he identified each inmate and wrote their initials next to their names.[45] Plaintiff was not signaled out by Defendant Weary. It was simply procedure for Defendant Weary to assure that every inmate was accounted for on the diet roster. Therefore, the Court finds that Defendant Weary did not commit forgery. Further, even if Defendant Weary committed forgery, the forgery statute does not provide a basis for private causes of action under § 1983.[46] Accordingly, on *de novo* review, the Court finds Plaintiff's claim that Defendant Weary committed forgery is without merit and frivolous and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c).

---

[42] *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).

[43] *Id.*

[44] Rec. Doc. 5 at 1.

[45] Rec. Doc. 1 at 9.

[46] *See Clements v. Chapman*, 189 F. App'x 688 (10th Cir. 2006) (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal right, not merely a violation of federal law.")).

Plaintiff's Fourth Amendment claim is also frivolous because a seizure did not occur. In his opposition to the Magistrate Judge's findings, Plaintiff argues that Defendant Weary took possession of Plaintiff's identification card.[47] Under the Fourth Amendment, a person is free from unreasonable searches and seizures.[48] However, "[a] prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses those rights that are necessarily sacrificed to legitimate penological needs."[49] The Fourth Amendment requires that "searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed."[50] Requiring an inmate to produce his identification card does not constitute an unreasonable seizure under the Fourth Amendment, as it is a basic and reasonable security requirement. Accordingly, on *de novo* review, the Court finds Plaintiff's Fourth Amendment claim is without merit and frivolous and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c).

Plaintiff does not object to the Magistrate Judge's finding that Plaintiff's claim that Defendants Cleland, Crawford, Tanner, and LeBlanc failed to discipline Defendant Weary is frivolous. Defendants adequately investigated the Plaintiff's claim. They reviewed Plaintiff's written complaint and the statement of Defendant Weary.[51] Prisoners do not have a federally protected liberty interest in having grievances resolved in their favor.[52] Accordingly, reviewing for plain error

---

[47] Rec. Doc. 5 at 2.

[48] U.S. Const. amend. IV.

[49] *Moore v. Carwell*, 168 F.3d 234, 236–37 (5th Cir. 1999).

[50] *Id.* at 237.

[51] Rec. Doc. 1 at 9.

[52] See *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

and finding none, the Court finds Plaintiff's claim is without merit and frivolous and must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c).

## V. Conclusion

For the foregoing reasons, the Court affirms the Magistrate Judge's Report and Recommendation. Accordingly;

**IT IS HEREBY** ordered that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court adopts the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 2nd day of February, 2015.

*[signature]*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**